# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GLORIA AVALOS,

        Plaintiff,

v.                                         Case No:   6:21-cv-390-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

## MEMORANDUM OF DECISION[1]

Gloria Avalos ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB").   Claimant raises three arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be remanded for further administrative proceedings.   Doc. No. 28, at 14-19, 25-27, 31-36, 51-52.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.   *Id.*, at 20-24, 28-31, 36-51, 52.   For the reasons discussed herein, the

---

[1]  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 18, 22.

Commissioner's final decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

I.      **PROCEDURAL HISTORY**

On May 15, 2014, Claimant filed an applicable for disability insurance benefits, alleging an amended onset date of July 1, 2015.   R. 339-40; *see also* R. 15. Claimant's application was denied initially.   R. 137-145.   The Appeals Council remanded the decision and a supplemental hearing was scheduled for October 17, 2019.   However, due to the assigned ALJ being unavailable, the case was reassigned to another ALJ, who held a hearing on May 14, 2020.   R. 15, 35-58. Claimant, a vocational expert ("VE"), and an impartial medical expert testified at the hearing.   R. 15, 35-58.   Claimant was represented by an attorney at the hearing. R. 35.

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 15-24.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 12-14.   On December 30, 2020, the Appeals Council denied the request for review.   R. 1-11.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

II.     **THE ALJ'S DECISION**[2]

---

[2]  Upon review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 28.   Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety

The ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).[3]   R. 15-25.   The ALJ first found that Claimant last met the insured status requirements on September 30, 2019.   R. 18.   The ALJ also concluded that Claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 1, 2015 through her date last insured of September 30, 2019.   *Id.*   Next, the ALJ found that Claimant suffered from the following severe impairments: degenerative disc disease s/p cervical decompression fusion surgery, diabetes mellitus type II, and essential hypertension.[4]   R. 18-19.   The ALJ then concluded that, through the date last insured, Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 19.

---

herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[4] The ALJ also found the following non-severe impairments: shoulder pain, cataracts and limited vision looking downward, headaches after cervical fusion surgery, and a BMI just above and below 30.   R. 18-19.

After careful consideration of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] with the following additional limitations:

> [E]xcept she needed to avoid ladders or unprotected heights. She needed to avoid the operation of or proximity to heavy moving machinery. She could occasionally bend, crouch, kneel, stoop, squat or crawl. She needed to avoid push pull of arm controls and needed a work environment with good lighting.

R. 19.   The ALJ then found that Claimant was capable of performing past relevant work as a Social Services Aide.   R. 24.   Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from July 1, 2015 through September 30, 2019, the date last insured.   R. 25.

## III.   STANDARD OF REVIEW

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct

---

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS

In the Joint Memorandum, which the undersigned has reviewed, Claimant raises three assignments of error: (1) the ALJ erred in minimizing the effect of Claimant's shoulder impairment; (2) the ALJ erred in failing to analyze the effect of Claimant's neuropathy on her ability to perform full time employment; and (3) the appointment of the Social Security Commissioner violates the separation of powers

clause.   Doc. No. 28.   Upon consideration, the Court finds Claimant's second assignment of error dispositive of this appeal, and that remand of the case is warranted on that basis.   However, because Claimant's contentions regarding the appointment of the Social Security Commissioner involve a threshold issue, the undersigned addresses that argument first.

      *A.*     *Appointment of Social Security Commissioner*

The authority and powers of the Social Security Commissioner, including the terms of conditions for appointment and removal, are governed by 42 U.S.C. § 902. Under § 902(a)(3), the Commissioner is appointed to a six-year term and may not be removed from office by the President without a finding of "neglect of duty or malfeasance in office."   42 U.S.C. § 902(a)(3).   *See also Tibbetts v. Comm'r of Soc. Sec.,* No. 2:20-cv-872-SPC-MRM, 2021 WL 6297530, at *3 (M.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 61217, at *1 (M.D. Fla. Jan. 6, 2022).

Claimant argues that the § 902(a)(3) removal provision provides unconstitutional tenure protection to the Commissioner because the Commissioner serves a longer term than the President and can only be removed from that position for cause.   Doc. No. 28, at 31-36.   Because of this, Claimant argues that the Social Security Administration's structure is "constitutionally invalid," and that Claimant's rights were violated in the adjudication of her disability claim.   *Id*. (citing 42 U.S.C. § 902(a)(3); *Collins v. Yellen*, 141 S. Ct. 1761 (2021); *Seila Law LLC v.*

*Consumer Fin. Prot. Bureau*, 140 S. Ct. 2138 (2020)).   More specifically, Claimant argues that her constitutional rights were violated because several government actors, the ALJ and the Appeals Council judges, exercised power that they did not lawfully possess due to a constitutionally defective delegation of power.   *Id.*, at 35.   As such, Claimant requests remand and a *de novo* hearing.

In response to this argument, the Commissioner acknowledges that 42 U.S.C. § 902(a)(3) "violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause."   *Id.*, at 36-37 (citations omitted).   However, the Commissioner argues that there is no separation of powers concern in this case because the ALJ had "his appointment ratified by an *Acting* Commissioner of Social Security."   *Id.*, at 37 (emphasis in original).   Additionally, the Commissioner asserts that Claimant cannot show that the removal restriction resulted in the denial of her benefits claim, *i.e.*, any compensable harm.   *Id.*[6]   Therefore, the Commissioner argues that a new hearing is not warranted.   *Id.*, at 36-51 (citing *Collins*, 141 S. Ct. 1761; *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021)).

---

[6] The Commissioner also argues that the rehearing request is due to be denied under the harmless error doctrine (*Id.*, at 45-47), *de facto* officer doctrine (*Id.*, at 47-48), the rule of necessity (*Id.*, at 48-49), and broad prudential considerations (*Id.*, at 49-51). Because the Court finds Claimant's argument to be unpersuasive as discussed above, the Court need not address these additional arguments.

In making this argument, Claimant primarily relies upon the text of § 902(a)(3) as well as the recent Supreme Court decisions, *Seila Law* and *Collins*.   In *Seila Law*, the Supreme Court held that a "for cause" removal provision for the director of the Consumer Financial Protection Bureau ("CFPB") was severable, and that the other provisions relating to the CFPB's structure and duties remained fully operative without the severed removal provision.   *Seila Law*, 140 S. Ct. at 2209.   In particular, the Supreme Court noted that "one section of a statute may be repugnant to the Constitution without rendering the whole act void."   *Id*. at 2208.

Applying this same rationale to the present case, the Court is not persuaded that 42 U.S.C. § 902(a)(3)'s removal provision divests the Commissioner of all authority under the Social Security Act.   Rather, the Court finds, as several other district courts have, that 42 U.S.C. § 902(a)(3) can be severed from the remainder of the Social Security Act, and that the Act can continue to fully function without the presence of the allegedly unconstitutional provision.   *See Selia Law*, 140 S.Ct. at 2209; *Tibbetts*, 2021 WL 6297530, at *5; *Janice Jimenez Concepcion v. Comm'r of Soc. Sec.*, No. 6:20-cv-2057-EJK, 2022 WL 2292950, at * 8-9 (M.D. Fla. Mar. 3, 2022); *Vickery v. Comm'r of Soc. Sec.*, No. 5:21- cv-122-PRL, 2022 WL 252464 (M.D. Fla. Jan. 27, 2022); *Michele T. v. Comm'r of Soc. Sec.*, No. 3:20-cv-06085-JRC, 2021 WL 5356721, at *3-6 (W.D. Wash. Nov. 17, 2021); *Ronnie Hutchens v. Comm'r of Soc. Sec.*, No 1:20-cv-1124, 2021 WL 5834409, at *6-14 (M.D.N.C. Dec. 9, 2021); (each rejecting similar arguments

challenging § 902(a)(3) in part due to the severability of that provision from the remainder of the Social Security Act).

In addition, the undersigned agrees with the Commissioner that even though the removal provision of § 902(a)(3) is unconstitutional, Claimant has not identified any "compensable harm," such that a remand is warranted.   Doc. No. 28, at 31-35. *See Collins*, 141 S. Ct. at 1787-89 (noting that an unconstitutional removal provision could "inflict compensable harm" in certain situations, such as where the President is precluded from removing an officer by a lower court decision holding that he did not have "cause" for the removal).   *See also* Doc. No. 28, at 31-35.   Here, Claimant does not argue that the President was precluded from removing the Commissioner due to a lower court ruling that "cause" did not exist, nor has Claimant pointed to any evidence suggesting that there is a connection between § 902(a)(3) and any compensable harm to Claimant.   Instead, Claimant limits her claim of injury to the fact that her hearing, the ALJ's decision, the entire adjudication process, and the Appeals Council's process and decision were all constitutionally invalid and illicit. Doc. No. 28, at 34.   Stated differently, Claimant does not argue that the decision that she is not disabled would have changed, but that because the process was arguably unconstitutional, she *de facto* suffered harm.   Further, it appears the ALJ who denied Plaintiff's claim was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction, but rather his appointment was ratified by

an Acting Commissioner — whom the President could have removed from that role at will, at any time.   Doc. No. 28, at 39-41.

Similar arguments have been rejected by other district courts.   *See Tibbetts*, 2021 WL 6297530, at *6 (applying same rationale to identical argument and finding claimant did not identify nor suggest how she suffered compensable harm, and the ALJ that denied her claim had his appointment and tenure ratified by an acting Commissioner); *Herring v. Comm'r of Soc. Sec.*, No. 2:21-cv-322-MRM, 2022 WL 2128801, at *3 (M.D. Fla. June 14, 2022) (same); *Perez-Kocher v. Comm'r of Soc. Sec.*, No. 6:20-cv-2357-GKS-EJK, 2021 WL 6334838, at *4-6 (M.D. Fla. Nov. 23, 2021) (same); *Michele T.*, 2021 WL 5356721, at * 3-6 (same); *Ronnie Hutchens*, 2021 WL 5834409, at * 6-14) (same); *see also Vickery*, 2022 WL 252464 (rejecting similar argument because "beyond the conclusory allegations that the ALJ's decision is void, the complaint does not contain any allegations explaining why or how Plaintiff was harmed by the statutory tenure protection."); *Linnear v. Kijakazi*, No. CV 121-098, 2022 WL 1493563, at *6-7 (S.D. Ga. May 11, 2022) *report and recommendation adopted*, No. CV 121-098, 2022 WL 1997641 (S.D. Ga. June 6, 2022) (noting that the Court "has not found a single instance of a District Judge reversing a Social Security decision on the basis of § 902(a)(3)'s unconstitutionality.").[7]

_____

[7] Claimant cites to a Third Circuit Court of Appeals decision for the proposition that "causation and harm must be presumed."   Doc. No. 28, at 36 (citing *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020)).   The Court finds *Cirko* distinguishable because it

Because the Court finds that § 902(a)(3) is both severable from the remainder of the Social Security Act and that Claimant has not identified or suggested any compensable harm suffered from the application of § 902(a)(3), I find that Claimant has not established an assignment of error, and that remand and a rehearing is not warranted on this issue.

B.   *Neuropathy*

In Claimant's second assignment of error, she argues that the ALJ did not consider all of the evidence related to her neuropathy, relied heavily on medical opinions dated prior to July 2015, and only superficially analyzed more recent evidence, which showed that her neuropathy was worsening between 2017 and 2019.   Doc. No. 28, at 25.   In particular, Claimant takes issue with the ALJ's failure to consider the opinions of Dr. DeAndrea Duffus, Claimant's treating podiatrist. *Id.*, at 25-27.[8]   In response, the Commissioner argues that substantial evidence

---

addressed an Appointments Clause issue, as defined in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), and the holding in *Cirko* focused on whether such claims must be administratively exhausted prior to raising them in the courts.   *See* 948 F.3d at 152-59.   Importantly, *Cirko* issued one year prior to the Supreme Court's *Collins* decision, which addressed the issue of "compensable harm," and Claimant points to no decision post-*Collins* that has held that "causation and harm must be presumed."   *Cf. Linnear*, 2022 WL 1493563, at *7 (noting that the Court "has not found a single instance of a District Judge reversing a Social Security decision on the basis of § 902(a)(3)'s unconstitutionality.").

[8]   Claimant also mentions treatment by an endocrinologist in March 2017 for diabetes mellitus and hypothyroidism, as well as treatment for various pituitary-related disorders.   Doc. No. 28, at 26.   It is unclear whether Claimant is also arguing that the ALJ ignored these diagnoses (although Claimant acknowledges that the ALJ found her to suffer from a severe impairment of diabetes), as Claimant only mentions them in conclusory fashion, without any analysis, and instead focuses primarily on the medical opinions of Dr. Duffus.   *Id.*, at 26-27.   Thus, to the extent

supports the ALJ's RFC determination, and, therefore, the ALJ did not err.   *Id.*, at

28.   For the reasons explained herein, the Court agrees with Claimant.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past

relevant work.   *Phillips*, 357 F.3d at 1238.   The RFC "is an assessment, based upon

all of the relevant evidence, of a claimant's remaining ability to do work despite his

impairments."   *Lewis*, 125 F.3d at 1440.   In determining a claimant's RFC, the ALJ

must consider all relevant evidence, including the medical opinions of treating,

examining and non-examining medical sources, as well as the opinions of other

sources.   *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F.

App'x 192, 194 (11th Cir. 2012).[9]

The ALJ must consider a number of factors in determining how much weight

to give each medical opinion, including: (1) whether the physician has examined

the claimant; (2) the length, nature, and extent of the physician's relationship with

the claimant; (3) the medical evidence and explanation supporting the physician's

---

Claimant is arguing that the ALJ erred in his consideration of these other diagnoses, Claimant's arguments are perfunctory and waived.   *See, e.g., Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th. Cir. 2016) (stating that the claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec., Admin.*, 566 F. App'x 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *N.L.R.B. v. McClain of Ga.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

[9]   In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.   20 C.F.R. § 404.1527(c). Regardless of whether the opinion is from a treating, examining, or non-examining source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179.   The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*[10]

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary.   20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179.   There is good cause to assign a treating physician's opinion less than controlling weight where: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records.   *Winschel*, 631 F.3d at 1179.

The Claimant treated with Dr. Duffus on eleven (11) separate occasions beginning on November 27, 2017 and continuing through September 19, 2019.   R.

---

[10] Because Claimant's application was filed prior to March 17, 2017, the prior version of the Social Security regulations apply.

1146-59, 1294-1305.   Under 20 C.R.F. § 404.1527(a)(2), Dr. Duffus is considered a treating source.   *See also Winschel*, 631 F.3d at 1179.

During each of the eleven (11) visits, Dr. Duffus performed, among other things, a neurologic exam and found that Claimant's "[e]picritic and protective sensations are diminished upon testing with a 5.07 monofilament to the bilateral lower extremity 6/10 sensory points B/L LE.   Sensation regarding sharp/dull is intact bilateral lower extremity."   R. 1147, 1149, 1150, 1152, 1154, 1156, 1158, 1294, 1296, 1298, 1300.   In the "Assessment" section of all but one of Dr. Duffus' treatment notes, Dr. Duffus noted that Claimant was suffering from either "diabetes mellitus with neurological manifestation," *see* R. 1147, 1150, 1152, 1154, 1156, 1158, 1296, 1298, 1300, "autonomic and motor neuropathy bilateral lower extremity," *see* R. 1158, 1294, or "autonomic neuropathy," *see* R. 1296.[11]

Moreover, in the "Plan" section of the medical record, Dr. Duffus would, among other things, (1) review diabetic foot care precautions and necessary daily foot hygiene practices; (2) note that diabetic handouts were available for home study; (3) discuss proper shoe use; (4) recommend extra depth diabetic shoes with multidensity insoles; (5) explain patient risk of diabetic foot disease and risk of limb loss due to diabetes; (6) have Claimant's primary doctor adjust medications for

---

[11] In the treatment note date December 11, 2018, Dr. Duffus did not assess Claimant with diabetes mellitus with neurological manifestation.   R. 1148.

diabetic nerve pain; (7) recommend gel for Claimant's diffuse pain in her "B/L LE;" (8) prescribe medications for neuropathy; prescribe lidocaine due to pain in bilateral feet; (9) noted that Claimant had an "EMG/NCV which did show peripheral neuropathy."   R. 1147, 1150-51, 1152-53, 1155, 1157, 1159, 1294-95, 1297, 1299, 1301.

Upon review, the Court finds that Dr. Duffus' treatment notes constitute "medical opinions," as they discuss Claimant's symptoms, diagnoses, and the nature and severity of her impairments.   *See, e.g., Lara v. Comm'r of Soc. Sec.*, 705 F. App'x, 804, 811 (11th Cir. 2017) ("A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments.") (citing *Winschel*, 631 F.3d at 1179); *Pollock v. Saul*, No. 6:18-cv-1296-Orl-18JRK, 2019 WL 4143378, at *5-6 (M.D. Fla. July 31, 2019) (finding similar treatment notes by a podiatrist to be a medical opinion because they included a description of claimant's symptoms, a diagnosis, and a judgment about the severity of claimant's impairments), *report and recommendation adopted*, 2019 WL 4141031 (M.D. Fla. Aug. 30, 2019).   The Commissioner does not challenge this finding, in fact the Commissioner does not address Dr. Duffus at all in its portion of the Joint Memorandum.   Doc. No. 28, at 28-31.[12]

---

[12]   Even if the Court were to find that Dr. Duffus' treatment notes were not medical opinions due to the lack of extensive discussion related to what claimant can still do despite any impairment, "the absence of such information does not relieve the ALJ from the duty to assign substantial or controlling weight to the opinion of a treating physician absent good cause to the contrary."   *Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 870 (11th Cir. 2016) (citing 20 C.F.R. §§

Because Dr. Duffus was a treating physician, his opinions must be given controlling weight unless good cause is shown to the contrary.   20 C.F.R. § 404.1527(c)(2).   Here, however, the ALJ failed to state with particularity the weight he assigned to Dr. Duffus' opinions – in fact, the ALJ does not mention Dr. Duffus anywhere in his decision.   R. 15-24.   This failure – which the Commissioner does not address – prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence and constitutes reversible error.   *Winschel*, 631 F.3d at 1179; *Lewis*, 125 F.3d at 1440-41; *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008).   *See also Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1305-06 (M.D. Fla. 2011) (finding reversible error where ALJ failed to reference or address records of claimant's treating neurologist, noting that ALJ was required to grant substantial weight to neurological specialist's treatment notes or to clearly articulate reasons for granting them less weight).

In addition to failing to weigh Dr. Duffus' opinion, the ALJ further erred by not addressing at all Claimant's neuropathy diagnoses.   The ALJ did recognize Claimant's severe impairment of diabetes, but nowhere discussed her neuropathy related thereto.   Instead, the ALJ made the conclusory finding that "[n]o

---

404.1513(b)(6), 416.913(b)(6) (2017)).   Because Dr. Duffus' treatment notes were comprehensive, and because Dr. Duffus is a treating physician, the "ALJ needed to assign some weight to [Dr. Duffus'] opinion as a treating physician and, if necessary, explain why that weight is less than substantial or controlling."   *Id.* (citing *Winschel*, 631 F.3d at 1179); *see also Head v. Comm'r of Soc. Sec.*, No. 3:15-CV-570-J-34PDB, 2016 WL 4761603, at *11 (M.D. Fla. Aug. 10, 2016), *report and recommendation adopted*, 2016 WL 4733245 (M.D. Fla. Sept. 12, 2016) (same).

limitations are indicated resulting from her chronic conditions of diabetes or hypertension."   R. 24.   Given the treatment records from Dr. Duffus, the Court is unable to say that this conclusory finding is supported by substantial evidence. The "ALJ is required to consider all of the evidence in the claimant's record when making a disability determination."   *Brunson*, 850 F. Supp. 2d at 1304.   "[T]he ALJ should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence."   *Id.* (quoting *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (internal quotations omitted)). "Indeed, unless the ALJ has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."   *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotations omitted)).

The ALJ's failure to even mention Claimant's neuropathy diagnoses therefore also constitutes reversible error.   *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733-34 (11th Cir. 2011) (reversing and remanding matter based, in part, on the ALJ's failure to address the claimant's diagnosis of fibromyalgia in evaluating the claimant's subjective complaints of pain or ability to perform past relevant work); *Miller v. Berryhill*, No. 2:17-CV-553-GMB, 2018 WL 5114142, at *5 (M.D. Ala. Oct. 18,

2018) (finding reversible error in ALJ failing to mention or consider the claimant's diagnosis of depression); *Brunson*, 850 F. Supp. 2d at 1305 (finding reversible error in ALJ's failure to discuss or mention the claimant's diagnosis of ataxia, and that "it must be assumed evidence of this condition was either ignored, overlooked, or rejected without explanation.").

In response, the Commissioner argues that the ALJ did not err because he considered a September 2014 neurological examination that addressed cervical radiculopathy and right carpal tunnel syndrome, and other 2014 medical records from physiatrist Dr. Khanan that reported low pain levels and range of motion on the lumbar spine within normal limits.   Doc. No. 28, at 29.   The Court does not see how records from 2014 related to cervical and lumbar regions and carpal tunnel syndrome demonstrate that the ALJ adequately considered Claimant's neuropathy of her feet.   In addition, the Commissioner points to the ALJ's brief reference to treatment records from October 2015 through October 2019 related to Claimant's diabetes and hypertension, but none of those records relate to Dr. Duffus; they instead come from Claimant's primary care physician, Dr. Malika George.   *Id.*   *See also* R. 23.   Last, the Commissioner points to Claimant's testimony as to her daily activities as substantial evidence that the ALJ did not err.   Doc. No. 28, at 29-30. However, any attempt by the Commissioner to now argue that the ALJ was correct to ignore Dr. Duffus' opinions and medical evidence of a neuropathy diagnosis

based on either this brief citation to Dr. George's treatment notes, or Claimant's own testimony constitutes an impermissible *post hoc* rationalization.[13]   *Dempsey*, 454 F. App'x at 733 (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)); *see also Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (citation omitted).

In sum, the ALJ's failure to address in any manner the medical opinions of Dr. Duffus, Claimant's treating podiatrist, constitutes reversible error.   So does the ALJ's failure to consider or discuss Claimant's neuropathy diagnosis.   Therefore, the Court will reverse and remand this matter for further administrative proceedings.

C.     *Remaining Assignment of Error*

Claimant also argues that the ALJ erred related to Claimant's shoulder impairment severity and as it relates to certain surgery. Given that remand is warranted on Claimant's second assignment of error, the undersigned need not consider this additional argument because on remand, the ALJ will necessarily also have to reconsider the entire record, including the record related to Claimant's

---

[13] Notably, Dr. George found Claimant to suffer from diabetic peripheral neuropathy, which the ALJ also failed to address.   R. 23, 1244, 1248.

shoulder.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that on remand, the ALJ is required to reconsider medical opinions of record in light of any additional record evidence).   *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 857 (11th Cir. 2018) (where errors might have affected the RFC determination, the ALJ was required to reassess RFC on remand, as well as conclusions at steps four and five of the sequential evaluation process).   The Court, therefore, declines to address these remaining issues at this time.   *Diorio*, 721 F.2d at 729; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V.    CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1.    The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.    The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties