**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GLORIA AVALOS,

        Plaintiff,

v.                                                                      Case No:   6:21-cv-390-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S CONSENT PETITION FOR ATTORNEY FEES (Doc. No. 31)**
>
> **FILED:      October 28, 2022**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for disability benefits.  Doc. No. 1.  On August 30, 2022, the Court entered a Memorandum of Decision reversing and remanding the case to the Commissioner for further

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 29. Judgment was entered in Plaintiff's favor and against the Commissioner the following day. Doc. No. 30.

On October 28, 2022,[1] Plaintiff filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 31. Plaintiff requests a total of $5,022.89 in attorney's fees under the EAJA, for work performed by her counsel in 2021 and 2022. Doc. No. 31, *see also* Doc. No. 31-2. In addition, Plaintiff requests to recover $402.00 in costs for the filing fee. Doc. No. 31, at 1. The Commissioner does not oppose the motion. *Id.* at 3.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees and costs pursuant to the EAJA well taken. Accordingly, Plaintiff's Consent Petition for Attorney Fees (Doc. No. 31) is

---

[1] The Court notes that even though Plaintiff's motion for EAJA fees was premature (*i.e.*, filed before 60 days after judgment had elapsed), the judgment has since become final, rendering a ruling on the motion appropriate. *See, e.g.*, *Green v. Comm'r, Soc. Sec. Admin.*, No. 6:11-CV-625, 2013 WL 9816608, at *2 n.1 (E.D. Tex. Apr. 15, 2013) (although "Plaintiff filed his motion . . . prematurely[,] . . . the judgment is now final and in any event, the Commissioner does not object to the award despite the premature filing."); *Collison v. Comm'r of Soc. Sec.*, No. 07-1175, 2008 WL 5156476, at *1 n.1 (W.D. La. Dec. 5, 2008) ("[T]he instant application . . . was premature. Rather than deny the motion, the undersigned deferred ruling on the motion until after the delays had run.").

**GRANTED,** to the extent that Plaintiff is awarded a total of $5,022.89 in attorney's fees and $402.00 in costs pursuant to the EAJA.[2]

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 31-1.  In the motion, Plaintiff only states that "[t]he parties agree that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."  Doc. No. 31, at 2–3. The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.